CASE 34—PETITION EQUITY—SEPTEMBER 28.

# Covington and Cincinnati Bridge Co. vs. Walker.

APPEAL FROM KENTON CIRCUIT COURT.

1. The purchaser of an equity of redemption, under execution, acquires no title to the property, but only an indefinite lien, without any limitation to the mortgagor's right to redeem by paying the amount bid and ten per cent. thereon.

2. The plaintiffs in an execution had it levied on the defendant's equity of redemption, which the plaintiffs bought at the sale for the amount of their execution, and it was returned satisfied. Afterwards, in a suit by the mortgagee to foreclose, a decretal sale of the property did not produce enough to satisfy both the mortgage and the amount bid by the plaintiff in execution. *Held*—That the latter had no claim on the defendant in the execution for the deficiency.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To enforce a judgment in favor of the Covington and Cincinnati Bridge Company against Walker & Winston, for $4,000, an execution was levied on Walker's equity of redemption in some lots in Covington mortgaged to Garvey for about $6,000.

At the sale under the execution the company bought for the amount of the execution, which was thereupon returned satisfied. The company afterwards filed a petition in equity offering to pay the mortgage debt, and praying for the legal title. The mortgagee, in his answer, agreed to accept the amount due to him as offered, and, by cross-petition, sought an alternative foreclosure and sale; whereupon, instead of paying the mortgage debt, the company filed an amended petition concurring in the mortgagee's prayer for foreclosure and sale, and praying, that, after satisfying the mortgagee's debt, the residue of the proceeds of the sale should be appropriated to the repayment of the amount paid on the execution sale of the equity of redemption; and that if any portion of it should still remain unpaid, a personal decree for that balance should be rendered against Walker. A decretal sale, accordingly made, did not produce enough to satisfy the mortgage and also reimburse the company the entire amount returned as paid by it on its own execution. Whereupon, by

a supplemental petition, stating the amount left unreimbursed, the company prayed for a judgment *in personam* against Walker for that balance. But the court rejected this petition, and dismissed so much of the former petition as sought a similar judgment. It is that decree which this appeal seeks to reverse.

We concur with the circuit court in the opinion that the return of full satisfaction on the execution exonerated Walker from all personal liability to the appellant. An act of 1828, subjecting equities of redemption to sale under execution, allowed the mortgagor one year for redemption by paying the amount bid, and ten per cent. thereon. The Revised Statutes (*1st vol., p.* 488, *article* 15) so far modified the law as to give the purchaser of an equity of redemption only a lien on it for the amount bid and ten per cent. thereon. The radical difference between those statutory provisions is, that the first vested the equity of redemption in the purchaser after one year, unless the mortgagor, in the meantime, refunded the amount bid and ten per cent. thereon; and the last vests no such title, but only an indefinite lien; *without any limitation to the mortgagor's right to redeem by paying the amount bid and ten per cent. thereon.* But in each class of cases equally the amount paid on the sale extinguished *pro tanto* the debt for which the sale was made. In this case the company gave its debt on Walker for a lien on his equity of redemption for securing the amount thus paid and ten per cent. on it. It bought nothing else than that security for the money advanced and ten per cent. per annum on it. It preferred to exchange its debt on Walker for that profit and security, to a sale for a less sum to a stranger, and the probable loss of the difference; and if it chose not to attend the decretal sale and bid so as to reimburse itself and get its per centage, the fault was not Walker's, who—his debt having been discharged— had no further interest in it or connection with his satisfied creditor. The sale of his equity was not at his instance, but at that of the company, who bought it without any guaranty, express or implied, that the mortgagor would either redeem it or change the effect of the sale by reducing the credit on

the execution, if his satisfied creditor should, by a resale, fail to make as much as he had bought it at and ten per cent. thereon.

To hold Walker still liable for any portion of the satisfied execution would seem to violate the letter and purpose of the statutory law, and subject him to vexatious uncertainty and surprise, and to an unreasonable and unequal speculation by a calculating creditor.

Wherefore, the judgment of the circuit court is affirmed.